UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOSEPH P. CARSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:11-CV-399 |
| ) | (Phillips) |
| UNITED STATES MERIT SYSTEMS ) | |
| PROTECTION BOARD, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff, Joseph P. Carson, acting *pro se*, filed a complaint against defendant, the United States Merit Systems Protection Board (MSPB), alleging that defendant failed to respond timely to his request for records. Defendant MSPB has moved to dismiss the complaint on the grounds that plaintiff has received all the relief he seeks in his complaint and there is no live controversy for the court to consider. Thus, defendant avers the court lacks subject matter jurisdiction over the complaint, and it should be dismissed. For the reasons which follow, the defendant's motion to dismiss will be granted.

Defendant has moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). This rule provides that a party may move to dismiss an action by motion based on lack of jurisdiction over the subject matter. In analyzing a motion under Rule 12(b)(1), a court must make a distinction between motions which attack the complaint

on its face and those which attack the existence of subject matter jurisdiction in fact. *RMI Titanium Co. v. Westinghouse elec. Corp.,*, 78 F.3d 1125, 1134 (6th Cir. 1996). As to "facial" attacks, the challenge is that the plaintiff has not faithfully recited all the jurisdictional predicates necessary for a court to exercise subject matter jurisdiction. *Id.* As to "factual" attacks, the challenge is the actual existence of a court's jurisdiction over the subject matter. *Id.* A court is obligated to dismiss an action in the absence of subject matter jurisdiction, either on its own motion or by suggestion of a party. 2 *Moore's Federal Practice* § 12.30[1] (Matthew Bender 3rd Ed.) (citing *Avitts v. Amoco Prod. Co.,* 53 F.3d 690, 693 (5th Cir. 1995)).

When the motion to dismiss is based on a "factual" attack, no presumptive truthfulness applies to the complaint's factual allegations and the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *RMI Titanium Co.,* 78 F.3d at 1134. If the facts are in dispute, the court can exercise wide discretion to consider affidavits, documents outside the complaint, and even conduct a limited evidentiary hearing. *Id..* Consideration of matters outside the pleadings, however, does not convert the Rule 12(b)(1) motion into a Rule 56 motion, as it would under a Rule 12(b)(6) motion. *Rogers v. Stratton Indus., Inc.,* 798 F.2d 913, 195-16 (6th Cir. 1986). Here, defendant makes a factual attack as to the existence of subject matter jurisdiction, asserting that the record shows that no case or controversy exists for this court to adjudicate, thus rendering plaintiff's claim moot.

Under Article III, Section 2 of the Constitution, federal courts have authority to adjudicate only ongoing cases or controversies, and this requirement is no longer met when the dispute has become moot. *Cleveland Nat'l Air Show, Inc. v. U.S. Dep't of Transp.,* 430 F.3d 757, 761 (6th Cir. 2005) (citing *Chirco v. Gateway Oaks, LLC*, 384 F.3d 307, 309 (6th Cir. 2004)). A case becomes moot "when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). A federal court has no authority "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of California v. United States,* 506 U.S. 9, 12 (1992) (quoting *Mills v. Green,* 159 U.S. 651, 653 (1895)).

The Freedom of Information Act (FOIA), 5 U.S.C. § 552 provides that any person has the right to request access to federal agency records or information. All government agencies, as defined by 5 U.S.C. § 552(f), are required to disclose records upon receiving a written request for them, except for those records that are exempt from disclosure under the Act. The FOIA requires that an individual submit a reasonably specific request for information that complies with the agency's published rules for making a FOIA request. 5 U.S.C. § 552(a)(6)(i). If a request is initially denied, in whole or in part, an individual may file an administrative appeal with the agency. 5 U.S.C. § 552(a)(6)(A)(i). The Act confers jurisdiction upon the district courts to enjoin an agency from withholding non-exempt agency records and to order the production of any records improperly withheld from the requesting party. 5 U.S.C. § 552(a)(4)(B); *Perry v. Block*, 684 F.2d 121, 125 (D.C.Cir. 1982). Therefore, if an agency releases in full all records responsive to a request,

the controversy ceases to exist and the case becomes moot. *Tijerina v. Walters*, 821 F.2d 789, 799 (D.C.Cir. 1987) (finding FOIA claims moot once the agency released all non-exempt material to the plaintiff).

Here, the record shows that plaintiff submitted his FOIA request on May 31, 2011. On or about June 1, 2011, the MSPB employee responsible for initially processing FOIA requests, unable to understand certain terms used by petitioner, sought assistance of his supervisor and staff attorneys within the MSPB. On June 30, 2011, plaintiff inquired about the status of his FOIA request and MSPB responded the following day, asking for an additional ten workdays to process the request. On July 30, plaintiff inquired again about his FOIA request, and on the following day, MSPB asked for an additional ten days to work on the request. Two days later, on August 3, MSPB asked plaintiff to provide clarification of the terms used in his request. The agency later sent a letter on September 16, asking petitioner to provide written clarification. This letter was sent a little more than three weeks after plaintiff filed the instant lawsuit. On October 12, an agency employee engaged plaintiff in a phone conversation to clarify the unclear terms of his request, and then, on October 28, MSPB released its initial response to petitioner's FOIA request.

Plaintiff has submitted no evidence to suggest that the MSPB was not acting in good faith regarding the attention given to his request or the time of the response. As plaintiff's complaint challenges only the tardiness of the MSPB's response to his FOIA request, his claim was rendered moot by the agency's response. The court finds there is

-4-

Case 3:11-cv-00399-TWP-CCS   Document 22   Filed 06/29/12   Page 4 of 6   PageID #: 145

nothing more that MSPB is required to do to respond to plaintiff's FOIA request, and the relief plaintiff seeks through this action has been fully provided.

On November 3, 2011, plaintiff administratively appealed the MSPB's initial response to his FOIA request. On December 17, 2011, plaintiff filed a notice with the court in which he "questions the 'no responsive records' reply to the majority of his FOIA queries in his appeal" and "hopes the court will require defendant to justify those FOIA appeal responses" [Doc. 19]. Courts have refused to assume jurisdiction in FOIA cases over withholding issues where the only claim stated in the complaint involved tardy processing of FOIA requests. *See Voinche v. Federal Bureau of Investigation*, 999 F.2d 962, 963 (5th Cir. 1993); *Murillo v. United States Dep't of Homeland Security*, 2007 WL 1944406 (N.D.Tex. June 28, 2007); *Adenodi v. United States Dep't of Justice*, 2007 WL 701136 (E.D.La Mar. 1, 2007); *Amaya-Flores v. Dep't of Homeland Security*, 2006 WL 3098777 (W.D.Tex. Oct. 30, 2006); *DiModica v. United States Dep't of Justice*, 2006 WL 89947 (S.D.N.Y. Jan. 11, 2006). Plaintiff brought suit exclusively because of the untimely processing of his FOIA request. Once MSPB sent the October 28, 2011 initial response to plaintiff's FOIA request, the tardiness issue was resolved, and the case became moot, thereby divesting the court of subject matter jurisdiction.

## Conclusion

Because plaintiff has already obtained all the relief he seeks in his complaint, there is no live controversy for this court to adjudicate. Without a case or controversy, the

-5-

Case 3:11-cv-00399-TWP-CCS   Document 22   Filed 06/29/12   Page 5 of 6   PageID #: 146

court lacks subject matter jurisdiction. Accordingly, defendant's motion to dismiss the complaint [Doc. 12] is hereby **GRANTED**, and this action is **DISMISSED, with prejudice.**

**ENTER:**

s/ Thomas W. Phillips
United States District Judge